IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| v. | NO. 10-742-1 |
| VIBOLL MARK | |

## MEMORANDUM OPINION

Defendant Viboll Mark moves for compassionate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i), in consideration of the dangers posed by COVID-19. For the reasons that follow, Mark's motion will be denied.

### I. BACKGROUND

Mark is serving a 150-month prison sentence for Hobbs Act robbery, conspiracy to commit Hobbs Act robbery, and using a firearm during the commission of a crime of violence, as well as a concurrent 8-month sentence for possession of a controlled substance. He was recently transferred to FCI McKean in Lewis Run, PA from FCI Loretto, in Loretto, Pa.

Mark describes himself as suffering from "low immune system" and Attention Deficit Disorder ("ADD") and claims to have recently contracted shingles and tuberculosis. According to Mark, these health issues render him susceptible to contracting COVID-19. Although Neither facility currently has any reported cases of COVID-19, *see* https://www.bop.gov/coronavirus. Mark contends that the prison has not maintained proper social distancing protocols. In consideration of his health issues, Mark asks the Court to resentence him to time served, or a sentence of time served followed by a period of supervised release not to exceed his original sentence, pursuant to 3582(c). The Government opposes Mark's motion on the basis that he has

failed to exhaust his administrative remedies.[1]

## II. DISCUSSION

Section 3582(c) "allows incarcerated defendants to seek compassionate release from a court on their own motion, not just through the Bureau of Prisons." *United States v. Thorpe*, 2019 WL 6119214, at *1 (C.D. Ill. Nov. 18, 2019); *see* 18 U.S.C. § 3582(c)(1)(A) ("[T]he court, . . . upon motion of the defendant . . . may reduce the term of imprisonment. . . ."). Before a court may consider a defendant's petition and engage in aforementioned analysis, however, the defendant must have exhausted his administrative remedies within the prison system. *See* 18 U.S.C. § 3582(c)(1)(A) (explaining that a defendant moving a court for compassionate release must first "ha[ve] fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf, or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier"). Since this requirement is prescribed by statute, it cannot be waived, *see Nyhuis v. Reno*, 204 F.3d 65, 73 (3d Cir. 2000) (explaining that where "Congress has . . . clearly required exhaustion . . . it is beyond the power of this court—or any other—to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis" (internal quotations and citations omitted)), and "strict compliance" is required, *United States v. Raia*, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020) ("Given BOP's shared desire for a safe and healthy prison environment, we conclude that strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance.").

Here, there is no evidence that Mark made a request for compassionate release to the prison before petitioning this Court. Because Mark has failed to exhaust his administrative

---

[1] The Government also notes that there is no evidence of Mark's supposed ailments, and that his medical record indicates he is in good health.

remedies, his request for compassionate release must be denied at this time.  However, Mark may file another motion for compassionate release in the event that he requests compassionate release from the prison and such request is denied, or, in the event that 30 days elapse from the date of such request without a response.

    An appropriate order follows.

**July 24, 2020**　　　　　　　　　　　　　　**BY THE COURT:**

　　　　　　　　　　　　　　　　　　　　　　*/s/ Wendy Beetlestone*
　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　**WENDY BEETLESTONE, J.**